26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert MEDINA, Petitioner-Appellant,
v.
George INGLE; Attorney General of the State of California,
Respondents-Appellees.
 No. 93-55784.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 2, 1994.*
Decided May 24, 1994.
 
 1
 Before: BROWNING and FLETCHER, Circuit Judges, and FITZGERALD, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 The State made a prima facie showing it has been prejudiced in its ability to respond to Medina's habeas petition because of his delay in filing the petition. Medina learned of the alleged new evidence in August of 1980, but failed to raise the issue until 1992. A transcript of his criminal trial was not prepared because he escaped custody before taking a direct appeal, and the court reporter's notes were destroyed in 1986 pursuant to state law. Thus, Medina's delay has prejudiced the State in its ability to show (1) that Pong did not commit perjury and (2) that the alleged constitutional error was harmless.
 
 
 4
 Medina did not meet his burden of rebutting the State's showing of prejudice. The preliminary hearing transcript does not include much of the evidence presented against Medina at trial, including Pong's testimony. The State would have difficulty proving harmless error with a reconstructed trial record. See Standen v. Whitley, 994 F.2d 1417, 1423 (9th Cir.1993) ("meticulous review of the record becomes particularly significant" in considering a habeas petition alleging trial error). Furthermore, Medina does not identify the prosecutor who tried the case against him, the judge who presided over the trial, or the witnesses who testified against him. Assuming these individuals could be identified and located, their memories would have faded after 14 years. See Harris v. Vasquez, 949 F.2d 1497, 1510 (9th Cir.1991) (where habeas petition is filed 11 years after prosecution, witness may not recall materials reviewed in the case); see also Harris v. Pulley, 885 F.2d 1354, 1366 (9th Cir.1988) ("Courts have found prejudice under Rule 9(a) where a delay in bringing a claim is accompanied by the inability of a witness to recall information necessary for the state to respond to the merits of the petition.").
 
 
 5
 Rule 9(a) provides only one ground for excusing prejudicial delay in filing a habeas petition: petitioner's lack of knowledge of the claim before the circumstances prejudicial to the state arose. Here, Medina concedes he had knowledge of Pong's allegedly perjured testimony 12 years before he filed his habeas petition and 6 years before the court reporter's notes were destroyed. Medina offered no proof of his alleged attempts to retain counsel to file the habeas petition. Medina filed a motion to vacate the dismissal of his appeal on October 26, 1981, and could have but did not present evidence of Pong's perjured testimony in that motion.[1]
 
 
 6
 The district court did not abuse its discretion in dismissing Medina's habeas petition pursuant to Rule 9.[2]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable James M. Fitzgerald, Senior Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Medina claims he never spoke with the attorney who filed the motion. As the Magistrate Judge noted, however, Medina "must have contacted someone to initiate the filing of the motion to vacate."
 
 
 [2]
 Since the district court properly dismissed Medina's habeas petition, it did not abuse its discretion by refusing to allow discovery or expand the record